UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                    CASE ACTION NO: 3:18-cv-725-CHB
                                                *Electronically filed*

TWENTY EIGHT THOUSAND TWO
HUNDRED DOLLARS IN UNITED
STATES CURRENCY ($28,200.00)                                DEFENDANT

### VERIFIED COMPLAINT
### FOR FORFEITURE IN REM

The United States of America, by counsel, Russell M. Coleman, United States Attorney for the Western District of Kentucky, and Amy M. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Twenty Eight Thousand Two Hundred Dollars ($28,200.00) in United States currency.

### JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 21 U.S.C. § 881(a)(6). This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant

*in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the defendant property was found in the Western District of Kentucky and because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

5. The defendant is: Twenty Eight Thousand Two Hundred Dollars in United States Currency ($28,200.00). On or about October 15, 2017, Agents with the Drug Enforcement Administration (DEA) seized the defendant property from Randall T. Baldwin, as proceeds of violations of 21 U.S.C. §§ 841 and 846. The DEA began administrative forfeiture proceedings against this property, during which Randall T. Baldwin filed the only claim (received by DEA on or about January 31, 2018). By agreement of counsel for the Claimant, Hal D. Friedman, the deadline to file the complaint was extended to October 31, 2018. The defendant property is currently in the custody of the United States Marshals Service.

## THE LAW

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act (21 U.S.C. §§ 841 and 846); 2) proceeds traceable to such an exchange; and 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## SUMMARY OF RELEVANT FACTS

7.      The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of Special Agent Michael A. Cates, Drug Enforcement Administration, which is attached hereto as Exhibit A, and incorporated in its entirety herein by reference.

## CLAIM FOR RELIEF

8.      The defendant property is money furnished or intended to be furnished in exchange for a controlled substance (or traceable thereto) and/or represents money used or intended to be used to facilitate a violation of the Controlled Substance Act. Consequently, the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff respectfully requests:

a.      that the Court issue a warrant for the arrest and seizure of the defendant property;

b.      that notice of this action be given to all persons known or thought to have an interest in or right against the property;

c.      that the defendant property be forfeited and condemned to the United States of America;

d.      that the plaintiff be awarded its costs and disbursements in this action; and

e.      for such other and further relief as this court deems proper and just.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

s/Amy M. Sullivan
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
(502) 582-5097 (fax)
amy.sullivan@usdoj.gov

## VERIFICATION

I, Michael A. Cates, am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

Michael A. Cates, Special Agent
Drug Enforcement Administration
Dated: 10-31-18

Subscribed and sworn to before me this 31st day of Oct., 2018.

Notary Public
My Commission expires: _____

PATRICIA A. PENINGER
Notary Public, State at Large, KY
My commission expires Oct. 29, 2019

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

### AFFIDAVIT IN SUPPORT OF CIVIL FORFEITURE COMPLAINT

I, Michael A. Cates being duly sworn, depose and states as follows:

1. I am a Special Agent of the U.S. Drug Enforcement Administration (DEA) assigned to the Louisville District Office. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent of the Drug Enforcement Administration since March 1991, during which time I have specialized in investigations involving narcotics trafficking. I have received specialized training on the subject of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions. This affidavit is based upon my personal knowledge and upon information reported to me by Federal and local law enforcement officers and others with knowledge of the facts of this case.

2. On 10-15-2017, TFO Wes Parks received information from a DEA Confidential Source (CS) concerning the suspicious travel itinerary of Randall BALDWIN. Information provided by the CS indicated that BALDWIN [CS provided the date of birth but it is omitted from this affidavit] would be flying out of the Louisville International Airport on 10-15-17 at approximately 8:04 p.m. on American Airlines flight 5733 en-route to the San Francisco, CA International Airport via Dallas Fort Worth International Airport (Dallas, TX). BALDWIN's itinerary showed the following indicators of suspicious activity: BALDWIN's one way airline ticket was purchased on 10-15-17, the day of the departure from Kentucky to California as well as BALDWIN was traveling to a known source city/state (being San Francisco, CA).

3. Additionally, a check of NCIC and Kentucky Courtnet indices by TFO Parks revealed that a Randall BALDWIN with the same date of birth, had been previously been charged with narcotics violations in Kentucky.

4. At approximately 6:00 p.m., TFO Parks and Affiant established surveillance at the American Airlines check-in counter to observe BALDWIN check-in. At approximately 6:30 p.m., TFO Parks observed a white male matching the description of BALDWIN at the ticket counter checking in. TFO Parks observed BALDWIN check two black suitcases at the ticket counter.

EXHIBIT A-1

5. Affiant established surveillance on BALDWIN as he went through TSA screening and followed BALDWIN to the Coals Pizza restaurant next to American Airlines Gate 6. Affiant then maintained visual contact with BALDWIN while he was inside the restaurant.

6. TFO Parks then utilized his certified narcotics K9 Maya to conduct a sniff of BALDWIN's checked bags at the American Airlines secured outbound baggage belt. K9 Maya gave a positive alert to the presence of drug odor to both pieces of Baldwin's luggage. K9 Maya is a certified and reliable drug detection dog. TFO Parks secured BALDWIN's two checked bags. TFO Parks and TFO Will Atteberry then escorted BALDWIN's luggage to American Airlines Gate B5.

7. At approximately 7:00 p.m., Affiant and TFO Parks conducted a consensual encounter with BALDWIN. Affiant presented his identification to BALDWIN, identified himself as a law enforcement officer and asked BALDWIN if he would voluntarily talk to agents at Gate B5 directly across from Coals Pizza. BALDWIN stated yes.

8. Upon arriving at Gate B5, Affiant asked BALDWIN where he was travelling to which BALDWIN responded that he was traveling to Crescent City, CA for the purpose of opening a sports bar. Affiant then asked BALDWIN if he could see his identification and airline boarding pass/ticket. BALDWIN consented and handed Affiant his identification and boarding pass/ticket. The airline boarding pass/ticket indicated travel for a Randall BALDWIN for travel that same day from Louisville, KY to San Francisco, CA via Dallas, TX. The identification which BALDWIN provided Affiant was a Florida Driver's License (license number omitted), with an address in Cape Coral, FL. Upon reviewing the identified airline boarding pass/ticket and driver's license, Affiant returned the items to BALDWIN. Affiant asked BALDWIN if he was travelling with any narcotics or large amounts of U.S. Currency on his person or in his checked baggage. BALDWIN replied that he had approximately $6,000.00 U.S. Currency on him. Affiant informed BALDWIN that a narcotics detecting K9 had alerted to his two checked bags. Affiant asked for BALDWIN for consent to search of his person and bags. BALDWIN replied yes.

9. TFO Parks and Atteberry then searched BALDWIN's two checked bags. TFO Parks recovered three large stacks of U.S. Currency hidden in the sleeves of clothing in BALDWINS's checked bag bearing baggage tag #8001667533. TFO Atteberry recovered two large stacks of U.S. Currency from BALDWIN's other checked bag bearing baggage tag #8001667532. TFO Parks also recovered a large amount of U.S. Currency from BALDWIN's front left pants pocket and his wallet. Observing this BALDWIN then told Affiant that he had approximately $25,000.

10. Affiant then asked BALDWIN what his transportation plans were upon his flights' arrival in San Francisco, CA. BALDWIN stated that upon arrival in San Francisco, CA, he was going to rent a car and drive 4 hours to Crescent City, CA. When asked by Affiant as to how long he would be in Crescent City, CA,

BALDWIN stated approximately one week. Affiant asked BALDWIN where he would be staying while in Crescent City, CA to which BALDWIN responded that it would be at a hotel. BALDWIN was unable to identify any specific hotel.

11. Affiant then asked BALDWIN how he planned to open a sports bar in Crescent City, CA. BALDWIN identified Tim Gallineau as an individual who was to assist him in looking to set up the sports bar. BALDWIN gave Affiant a telephone number he said was Gallineau's telephone number (number omitted from this affidavit). BALDWIN told Affiant that Gallineau had run a sports bar before and would be in the position to assist BALDWIN. BALDWIN told Affiant that he had met Gallineau sometime this year at a sports bar in southern Oregon. BALDWIN stated that he was in southern Oregon at that time to visit his godson who was getting ready for deployment in the military and that he was based in Texas. When asked by Affiant why he was visiting his godson in Oregon, BALDWIN responded that he guessed his godson's family lived there but he wasn't sure. Affiant asked BALDWIN as to how much money would be needed to open a sports bar, to which BALDWIN stated around $100,000. BALDWIN told Affiant that he planned to use the approximate $25,000 he was transporting to secure a lease or buy a building for the sports bar. Affiant then asked BALDWIN as to why he was looking to open a sports bar in Crescent City, CA to which BALDWIN responded that the country was beautiful.

12. Affiant asked BALDWIN about the origin of the U.S. Currency found in his luggage and on his person. BALDWIN responded that it came from a friend however BALDWIN did not wish to provide Affiant with this individual's name or the individual's contact telephone number. Affiant asked BALDWIN as to his employment status to which BALDWIN responded that he had not worked since the summer of 2016, when he was employed as a sales manager at Joseph Chevrolet in Cincinnati, OH. Affiant asked BALDWIN if he was receiving disability benefits and BALDWIN stated no. Affiant asked BALDWIN how much he made a year, to which BALDWIN responded $70,000-$80,000. BALDWIN then added that he did not know how much money he made in 2016. Affiant then asked BALDWIN if he had been unemployed since last summer and was not receiving any disability, as to where he was receiving income. BALDWIN did not answer the question.

13. BALDWIN told Affiant that he had purchased his airline ticket that same day. Affiant asked BALDWIN why the airline ticket was purchased on so short notice, to which BALDWIN stated that he had only decided to travel to California within the last few days.

14. BALDWIN stated that he currently lives at on Harvieland Road in Frankfort, KY where he lives with a buddy and the buddy's girlfriend.

15. Subsequent to the seizure of the U.S. Currency TFO Parks utilizing K-9 "Maya", conducted a K-9 sniff of the U.S. Currency recovered from BALDWIN's carry-on luggage and at which time K-9 Maya indicated a positive alert to the presence of drug odor emitting from the U.S. Currency.

EXHIBIT A-3

16. The U.S. Currency found in BALDWIN's two checked bags and on his person were placed into DEA Self Sealing Evidence Envelope (SSEE) by TFO Parks as witnessed by Affiant. Prior to sealing, BALDWIN signed the identified DEA S.S.E.E. to indicate ownership of the U.S. Currency. Subsequent to this, Affiant provided BALDWIN with a DEA 12 receipt for the seized U.S. Currency after which BALDWIN left agents and proceeded to board his flight. Subsequent to this, on that same day TFO Parks and TFO Atteberry transported the seized U.S. Currency to the DEA Office where the seized U.S. Currency was stored pending an official count. On 10-17-17, an official count was conducted of the U.S. Currency seized from Randall BALDWIN: fifty (50) $10 bills and one thousand and eighty-five (1385) $20 Bills, for a total of $28,200.00 U.S.C.

17. A detailed search of law enforcement indices including NCIC was conducted for BALDWIN. The following is a sampling of BALDWIN's criminal history: 03-30-2005, Operating a motor vehicle under the influence of Alcohol or Drugs, Possession of Marijuana, Failure to dim headlights and Failure to Notify change of Address; and 04-27-1988 Possession of Marijuana.

18. DEA started an administrative forfeiture proceeding, during which BALDWIN filed the only claim. In his sworn claim (filed in January of 2018), BALDWIN stated that the $28,200 was "his personal cash" but did not state the source thereof. BALDWIN stated that he was planning to meet Tim Gallineau and hire him to be the general manager of the sports bar that he was going to purchase in Grants Pass Oregon. In his claim, BALDWIN stated that he was going to buy a bar called J.D.s Sports Bar in Grants Pass from Jack Dimatteo. He stated that he was going to drive to Grants Pass via Crescent City, CA to look for a spot he might relocate the sports bar or maybe open another. He further stated that he was disabled due to a work injury at a Rodeway Inn in Fort Wayne, Indiana (a head injury, which he said occurred in July of 2016), from which he expected a $500,000 (or more) settlement. He stated that he was intending to put a down payment on the sports bar ($25,000) and $3200 was for travel expenses. After the seizure of the currency (and because he stated had no down payment for the bar), BALDWIN stated that he proceeded to Portland, Oregon (after landing in San Francisco), flew to Medford, Oregon, and then went to Grants Pass to meet Mr. Gallineau.

19. Public records show that the Internal Revenue Service and the Kentucky State Department of Revenue filed tax liens with the County Court Clerk in Franklin, County, Kentucky. On November 3, 2014, the IRS filed a federal tax lien for approximately $21,672. On April 19, 2017, the Kentucky DOR filed a state tax lien (which is approximately $8,087 based upon a search of other databases). No releases appear to have been filed.

EXHIBIT A-4

20. Your Affiant believes there is probable cause that the U.S. Currency which Randall BALDWIN carried was proceeds from drug-related activities. BALDWIN made incomplete and inconsistent statements during the encounter and interview with law enforcement. The narcotic K-9 positively alerted to BALDWIN's two checked bags and the currency. BALDWIN made conflicting statements concerning the amount of U.S. Currency he was transporting, and made a vague statement concerning the origin of the U.S. Currency (from an unidentified friend). The majority of the US Currency seized from BALDWIN was also in $10.00 and $20.00 bills increments, which is consistent with drug trafficking activity. BALDWIN was also traveling to San Francisco, California a known source city/state. Furthermore, BALDWIN made statements in his claim that contradict his original statement to your Affiant.

21. In conclusion, your Affiant believes that, based on the facts detailed within this affidavit and your affiant's training and experience, there is probable cause that the $28,200.00 US Currency ("defendant property") represents money furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, and/or represents money used or intended to be used to facilitate a violation of the Controlled Substance Act, specifically 21 U.S.C. §§ 841(a) and 846. Consequently, the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

Further your affiant sayeth naught.

Michael A. Cates, Special Agent
Drug Enforcement Administration

EXHIBIT A-5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

PLAINTIFF

V.  CASE ACTION NO: 3:18-cv-725-CHB
*Electronically filed*

TWENTY EIGHT THOUSAND
TWO HUNDRED TWENTY DOLLARS
IN UNITED STATES CURRENCY ($28,200.00)

**WARRANT OF ARREST *IN REM* AND NOTICE**

TO:  THE UNITED STATES DRUG ENFORCEMENT AGENCY
AND/OR ANY OTHER DULY AUTHORIZED LAW
ENFORCEMENT OFFICER:

WHEREAS the United States Attorney for the Western District of Kentucky has filed a Verified Complaint for Forfeiture *In Rem* against the above-named defendant property on the 31st, day of October, 2018, alleging that the defendant property is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem*, there is probable cause to believe that the defendant property so described therein constitutes property that is subject to forfeiture for such violations, and that grounds for issuance of a Warrant of Arrest *In Rem* exist, pursuant to Supplemental Rule G(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules");

YOU ARE THEREFORE ORDERED to seize and arrest the defendant property, and to take the defendant property into your possession for safe custody, until further order of the Court; and to make your return as provided by law.

YOU ARE FURTHER ORDERED to send notice to the record owner and any other person believed to have a claim to or interest in the defendant property a copy of the Complaint, Notice of Forfeiture, and this Warrant in a manner consistent with the principles of service of process of any action *in rem* under the Supplemental Rules and the Federal Rules of Civil Procedure, within a reasonable time of seizure, and, to admonish any persons holding a claim to the defendant property to file their claims with the Clerk of this Court within thirty-five (35) days after execution of this process, and to serve their answers within twenty-one (21) days after filing their claims, and finally, that they must serve a copy of any claim and/or pleading upon the Assistant United States Attorney, Amy M. Sullivan, 717 West Broadway, Louisville, Kentucky 40202.

YOU ARE FURTHER ORDERED, in the event that the defendant property is not released within ten (10) days of execution of process, that you shall cause publication of public notice, as required by Rule G(4) of the Supplemental Rules.  Such notice shall be published for thirty days at www.forfeiture.gov.  This notice shall state that anyone claiming an interest in the defendant property must file: 1) a claim within sixty (60) days from the start of the publication on the internet at www.forfeiture.gov; and 2) an answer within twenty-one (21) days after filing a claim.

IT IS FURTHER ORDERED that, promptly after execution of this process, you shall file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Tendered by:
Amy M.   Sullivan
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502)582-5911
(502)582-5097(fax)
amy.sullivan@usdoj.gov

cc:   United States Attorney (AMS) - two certified copies of order and
      two certified copies of the Verified Complaint

☙JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
TWENTY EIGHT THOUSAND TWO HUNDRED DOLLARS IN U.S. CURRENCY. ($28,200.00)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys(If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. 881(a)(6)
Brief description of cause:
drug related seizure of property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   10/31/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____